LOTTUS P. KINDER, APPELLEE, V. CUSHMAN MOTOR COMPANY, APPELLANT.

FILED JUNE 13, 1911.     No. 16,454.

Master and Servant: WAGE-CONTRACT: CONSTRUCTION. A written contract of employment provided that it "shall hold good only as long as both parties are satisfied," and that, if plaintiff continued in the employment for five years and produced certain specified results, he should have "a bonus of $200," in addition to specified daily wages, and, "if the parties become dissatisfied," the employee "shall receive in proportion of the bonus of $200 as he has worked of the five years." *Held*, That either party, if dissatisfied, could terminate the contract at will, and that, if the employer did so terminate the contract, the employee was entitled to a part of the $200 proportionate to the portion of the five years that he had been in the employment.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Flansburg & Williams* and *Leonard Flansburg,* for appellant.

*R. S. Mockett,* contra.

SEDGWICK, J.

The defendant employed the plaintiff under a written contract as follows: "We, Cushman Motor Co., party of the first part, and L. Kinder, party of the second part,

agree as follows: That Cushman Motor Co. shall employ for five (5) years L. Kinder as foundry foreman. And L. Kinder agrees to work for the Cushman Motor Co. for wages as follows: $3.50 a ten-hour day, and in addition to that a bonus of $200 at the end of five years, provided at that time he is producing all castings not to exceed a cost of two cents a pound. This contract shall hold good only as long as both parties are satisfied. If the parties become dissatisfied, party of the second part shall receive in proportion of the bonus of $200 as he has worked of the five years." He worked for the defendant under this employment for a little more than one year and nine months, and was then discharged by the defendant. He brought this action in justice court to recover $70.20 under the last clause of the contract. The case was appealed to the district court for Lancaster county, where the plaintiff recovered a judgment for the amount claimed, and the defendant has appealed.

The defendant insists that it had a right to discharge the plaintiff if it became dissatisfied with his services, and that under the terms of this contract the company was under no obligation to show the grounds upon which its dissatisfaction rested. We think that this is the proper construction of the contract. The parties were neither of them under any disability, and were competent to make such contract as they saw fit to make. The provision is that the "contract shall hold good only as long as both parties are satisfied." When one party was dissatisfied, of course both parties were not satisfied, and the contract was at an end.

The defendant also insists that it was only in case both parties were not satisfied that the plaintiff was entitled to receive a proportion of the agreed bonus. The defendant admits that it was dissatisfied, and that, if the plaintiff had also been dissatisfied, he could have recovered the proportion of the bonus. The whole ground of the defense, then, is that the plaintiff was willing to continue in the employment. We do not think that the contract will bear

Kinder v. Cushman Motor Co.

such interpretation.  The clause, "If the parties become dissatisfied, party of the second part shall receive in proportion," etc., must be construed with the preceding clause, and as the contract continued only so long as both parties were satisfied, that is, it was abrogated and ended when that condition failed by either party becoming dissatisfied, the last clause must mean that, if the employment was ended because the contract was no longer satisfactory to both parties, then the plaintiff was entitled to a proportion of the agreed bonus.  The defendant surely cannot complain of this, since it insists that it could terminate the employment at will by simply declaring its dissatisfaction with the contract, and, of course, by so doing absolutely prevent the plaintiff from earning the agreed bonus.  It was a very reasonable provision of the contract that, in case the defendant should arbitrarily dismiss the plaintiff from employment, the plaintiff should have a proportion of the bonus.  If the contract had continued for the five years, and the plaintiff had secured the full bonus agreed upon, it would be in effect an addition to his wages for the term, and, if he was arbitrarily discharged by the defendant during the term, it was reasonable that he should recover his proportion of wages.  The defendant has so construed the contract in its letter to the plaintiff discharging him.  That letter began with this language:  "According to the contract between you and Cushman Motor Co., at any time either party is dissatisfied the contract becomes null and void."  This being the proper construction of the contract, and it being admitted that the defendant exercised the option to terminate the employment, there could be no other verdict than the one rendered by the jury.  Therefore any errors of law that might have been committed in the instructions to the jury were without prejudice to the defendant.

The judgment of the district court is right and is

AFFIRMED.