(85 South. 35)

HENDERSON LAND & LUMBER CO. v. BARBER. (6 Div. 674.)

(Court of Appeals of Alabama. Jan. 20, 1920.)

1. CONTRACTS ⬚10(1) — UNILATERAL CONTRACT SUPPORTED BY CONSIDERATION WHEN OFFER ACCEPTED.

There is no mutuality in a unilateral contract until the party claiming under it has complied with the terms of the proposition made him, but on compliance the promisor is liable; the contract having become clothed with consideration relating back.

2. CONTRACTS ⬚10(2) — EMPLOYÉ WHO WORKED FOUR MONTHS ENTITLED TO PROMISED BONUS THEREFOR.

Where an employer offered to give 5 per cent. bonus to men in its employ making four months' straight time, and an employé accepted the offer by working four months, he was entitled to the bonus; the employer's unilateral contract having become supported by consideration through the acceptance.

Appeal from Circuit Court, Tuscaloosa County; H. B. Foster, Judge.

Suit by E. D. Barber against the Henderson Land & Lumber Company. From judgment for plaintiff, defendant appeals. Affirmed.

Plaintiff in the court below sues on a unilateral contract executed on his part.

Foster, Verner & Rice, of Tuscaloosa, for appellant.

The defendant was entitled to the affirmative charge. 188 Mo. 501, 87 S. W. 949, 70 L. R. A. 59, 107 Am. St. Rep. 324.

H. A. & D. K. Jones, of Tuscaloosa, for appellee.

No brief reached the Reporter.

SAMFORD, J. According to the undisputed evidence in this case, defendant, on or about January 25, 1918, employed plaintiff as a foreman, in and about the operation of its mill, at and for the stipulated amount of $135 per month, beginning February 1st; the employment being from month to month. The defendant, being a large sawmill operator, employing many men, and desiring continued, uninterrupted service from its employés, made and posted throughout its plant the following notice:

"To the employés of the Henderson Land & Lumber Company:

"Beginning February 1, 1918, we will give a 5 per cent. bonus to every man in our employ (except men doing piecework), making four (4) months' straight time. The 5 per cent. will also apply to all time made extra or overtime and will be paid at the expiration of four (4) months.

"We want to impress upon each of you that it is very important that you be on hand and carry out your part of the work and do everything possible to keep the mill going, whether it is in your department or not, as we want to do everything in our power to help the Boys who are fighting for us.

"If, however, a man is sick and unable to work and is vouched for by the doctor as being unable to perform his duties, he is not to lose what portion of the four (4) months' time he has made.          Respectfully,

"Henderson Land & Lumber Company."

The plaintiff knew nothing of this offer until after he had made the agreement to work for $135 per month, beginning February 1st, but after reading the notice did remain in the service of defendant and worked continually during the months of February, March, April, and May; and was paid therefor by the defendant $135 for each month's work, but was not paid the bonus of 5 per cent. named in the notice, for which he now sues. There was some conflict in the evidence as to what took place and was said between defendant's superintendent and plaintiff regarding the bonus, as to whether it applied to him, and this question was submitted to the jury, under the charge of the court.

[1] There is no mutuality in a unilateral contract, until the party claiming under it has complied with the terms of the proposition. When, however, one makes a promise conditioned upon the doing of an act by another, and the latter does the act, the contract is not void for want of mutuality, and the promisor is liable; for upon performance of the conditions by the promisee the contract becomes clothed with a valid consideration which relates back and renders the promise obligatory. 6 R. C. L. p. 687, § 94. It is an elementary principle that, where one publishes an offer, and before it is withdrawn another acts upon it, the one making the offer is bound to perform the promise; in other words, the act becomes binding when the act is performed. Hilton v. Southwick, 17 Me. 303, 35 Am. Dec. 253; Morse v. Bellows, 7 N. H. 549, 28 Am. Dec. 372; Todd v. Weber, 95 N. Y. 181, 47 Am. Rep. 20; American Oak Extract Co. v. Ryan, 104 Ala. 274, 15 South. 807; Sheffield Furnace Co. v. Hull Coal & Coke Co., 101 Ala. 446, 14 South. 672.

[2] Under the terms of the offer published by defendant, it applied to "every man in our employ (except men doing piecework)." Plaintiff was certainly in the employ of defendant at the time the offer was made, and performed service in that capacity for the term stipulated. We can see no reason why, if his testimony is to be believed, which we must do on appeal, he is not within the terms of the offer. The general charge as requested by defendant was properly refused.

Affirmed.