213 P.2d 436

**PYEATT et al. v. EL PASO NATURAL GAS CO.**

No. 5212.

Supreme Court of New Mexico.

Jan. 5, 1950.

Frazier, Quantius & Cusack, Roswell, for appellants.

Atwood, Malone & Campbell, Roswell, Jones, Hardie, Grambling & Howell, El Paso, Texas, for appellee.

COMPTON, Justice.

This appeal arises from appellee's refusal to pay wage increase allegedly due appellants. On and prior to July 18, 1944, they were in the employment of appellee for an indefinite period at its gas plant at Jal, New Mexico. On August 5, 1944, the company issued and published a notice advising its employees that in order to attract and retain skillful labor in its plant that it had applied to the National War Labor Board for a wage increase which, if granted, would become effective as of July 18, 1944, the date of the application.

On October 5, 1944, the application was disapproved by the Dallas regional office. Subsequently, on November 9, 1944, an application for reconsideration was likewise disapproved by the regional office. An appeal from the ruling denying its application was taken and on January 5, 1945, the War Labor Board affirmed the action of the regional office without prejudice, however, to the rights of the company again to submit additional reports to the regional office in support of its application. Supplemental reports were similarly disapproved by the regional office on March 24, 1945. A second appeal to the War Labor Board was then taken. Appellants were advised of the action of the various boards, nevertheless, continued to work until March 21, 1945, when they voluntarily terminated their services.

On August 20, 1945, the War Labor Board issued General Order No. 40, as follows:

"(a) Employers may, through collective bargaining with duly certified or recognized representatives of the employees involved, or if there is no such representative, by voluntary action, make wage or salary increases without the necessity of obtaining

approval therefor, upon the condition that such increases will not be used in whole or in part as the basis for seeking an increase in price ceilings or for resisting otherwise justifiable reductions in price ceilings, or, in the case of products or services being furnished under contract with a Federal Procurement Agency, will not increase the cost to the United States.

"(b) The provisions of paragraph (a) above shall be effective as of August 18, 1945, but this shall not preclude the selection by the party or parties of any earlier date as the effective date of the wage or salary increase. The provisions of this general order shall not, however, operate as an approval of any wage or salary increase put into effect before August 18, 1945, and prior to receipt of any approval required by the Stabilization Act of October 2, 1942 [50 U.S.C.A.Appendix, § 961 et seq.] (p. 10, 150), or the orders or regulations issued thereunder.

"(c) Wage or salary increases referred to in paragraph (a) above may be made notwithstanding any previous denial or modification of an application for approval thereof by the National War Labor Board or its agencies. (10 F.R. 10424; NWLB Release B 2200)."

Appellants contend (a) that the order is an approval of the application and (b) that continued services in reliance upon the notice constituted consideration for a secondary agreement of employment. Conversely, appellee contends that its application had been denied and that the wage increase was made on authority of a general order. Appellee further contends that the offer of increase was gratuitous, being without consideration.

We do not find it necessary to pass upon the effect of the general order. The burden being upon appellants to show that they relied upon the notice, and the record being silent on the issue, a finding against it and in favor of appellee will be presumed. Byerts v. Schmidt, 25 N.M. 219, 180 P. 284; Mosley v. Magnolia Petroleum Co., 45 N.M. 230, 114 P.2d 740; Petrakis v. Krasnow, N.M., 213 P.2d 220. Appellant, J. D. Pyeatt, testified in effect that he had purchased a farm in the Fall of 1944, and it was their intention to remain with the company until such time as it was necessary for them to make a crop the following year. We think it is evident that appellants' services were not in anticipation of any wage increase.

The case is something analogous to bonus cases. It is a rule that where an employee, though for an indefinite period of service, relies upon an offer of a bonus if he continues in service until certain work is performed, and so continues, he may recover. The principle is well recognized. Knapp v. Imperial Oil, etc., 4 Cir., 130 F.2d 1; Zampatella v. Thomson-

Crooker Shoe Co., 249 Mass. 37, 144 N.E. 82; Scott v. J. F. Duthie & Co., 125 Wash. 470, 216 P. 853, 28 A.L.R. 328; Powell, et al. v. Republic Creosoting Co., 172 Wash. 155, 19 P.2d 919. But if he voluntarily terminates his services before the bonus is payable he is not entitled to it. Schotter v. Carnegie Steel Co., 272 Pa. 437, 116 A. 358; Margoris v. United States Railroad Administration, 187 Iowa 605, 174 N.W. 371; Roberts v. Mills, 184 N.C. 406, 114 S.E. 530, 28 A.L.R. 338.

The judgment will be affirmed and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.