[No. 36160.   Department One.   January 24, 1963.]

ELVA NICOLAI, as *Administratrix, Respondent,* v. TRANS-CONTINENTAL INSURANCE COMPANY, *Appellant.**

*Clarke, Clarke, Albertson & Bovingdon,* for appellant.

*Stone, Hoover & Lind,* by *Fred N. Hoover,* for respondent.

*Reported in 378 P. (2d) 287.

This is an action on a fire insurance policy issued by the defendant, Transcontinental Insurance Company. The insurance covered the home and furnishings of the named insureds, Paul R. Ward and Nellie A. Ward, who were husband and wife. The policy provided that their legal representatives should likewise be named insureds.

The home and the furnishings were destroyed by fire, and Nellie A. Ward lost her life as a consequence of the fire. Paul R. Ward disappeared from sight four days before the fire, and has not been seen since, at least in the state of Washington.[1]

In the absence of Mr. Ward, a sister of Mrs. Ward was appointed as administratrix of the estate of Nellie A. Ward, including the community estate. The administratrix made the requisite proof of loss, and it was not disputed that the amount of the loss exceeded the limits in the policy of $5,000 on the home and $2,000 on the furnishings. When the insurance company refused to pay, the administratrix commenced this action and recovered a judgment for $7,000. From that judgment, this appeal is taken by the insurance company.

The insurance policy contains the standard provision requiring, in case loss occurs, that insured "submit to examinations under oath by any person named by this Company, and subscribe the same."

The insurance company defended in the court below and contends in this court that there has been a breach of the contract of insurance because it has not had the opportunity to examine Paul R. Ward under oath. It contends further that there is sufficient evidence to justify a finding that Ward is alive and deliberately concealing himself.

The trial court made findings that are dispositive of this appeal:

---

[1]There was testimony by a fireman that Mr. Ward, or a man answering his description, was at the fire with his car. Four neighbors, all well acquainted with Mr. Ward, testified that he was not present at the fire, and the trial court concluded that the fireman was mistaken.

The property owned by the Wards and covered by the insurance was community property.

"On December 14 1959 at approximately 4:00 O'clock P. M. Paul R. Ward left the family home and has not been heard from since. His present whereabouts are unknown. On December 19, 1959 at approximately 6:00 O'clock A. M. a fire originated in the home of the Wards and resulted in the complete and total destruction of the home and the contents. Nellie A. Ward died in the fire; the cause of her death was smoke suffocation. The cause and origin of the fire was either a defective space oil heater or defective wiring in the vicinity of the space heater. There is no evidence that the fire was caused by arson."

"The defendant at no time made any demand upon Paul R. Ward nor did it send to him at any address, notice of its intention to examine Paul R. Ward under oath."

█ The foregoing findings are supported by undisputed or, at least, substantial evidence. Consequently, they are verities in so far as this appeal is concerned. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 343 P. (2d) 183 (1959).

█ There are numerous cases holding that a demand is a prerequisite for an examination under the provision of the policy upon which the insurance company relies, and this demand must be explicit as to the time and place for the examination and as to the person before whom it should take place. A group of such cases, including *Citizens Ins. Co. v. Herpolsheimer* (1906), 77 Neb. 232, 109 N. W. 160, and *State Ins. Co. v. Maackens* (1876), 38 N. J. L. 564, are to be found in an annotation in 78 A. L. R. 1335, "Sufficiency of request, demand, or requirement for sworn statements, notice, certificate, or proofs of loss under fire policy."

█ The trial court's finding that no demand for an examination was made would ordinarily dispose of the insurance company's contention and the appeal. The appellant counters with the proposition that it has presented, or will present on a new trial, evidence that Paul R. Ward is alive and deliberately concealing himself to avoid an examination.

The evidence offered at the trial was that someone was

receiving Army retirement checks payable to Paul R. Ward at San Francisco, and that the checks were being endorsed. The evidence said to be available on a new trial was that Army retirement checks payable to Paul R. Ward were being received by someone at Beattie, Nevada, and that the checks were being endorsed. There was no evidence offered by anyone knowing Paul R. Ward that he was the person who received the checks at San Francisco; nor does the offer supporting the motion for a new trial indicate that the postmistress at Beattie, Nevada (who would testify as to the delivery of the checks there), knows Paul R. Ward; nor is there any evidence that the endorsement on any of these checks is that of Paul R. Ward. There is a hiatus in the testimony offered to identify Paul R. Ward as the recipient of the Army retirement checks. If we assume that the recipient and endorser of the checks is Paul R. Ward, there is still no evidence that he knows that the insurance company desires to examine him and that he is concealing himself to prevent such an examination.

The trial court refused to make such a finding, and the evidence presented would not support it; nor would the additional evidence offered in support of the motion for a new trial require a different result.

There is still another aspect of this case that should be examined.

By the adequately supported findings of the trial court, we have:

Property covered by fire insurance; property destroyed by fire; adequate proof of loss by the legal representative of a named insured who died in the fire; the cause of the fire determined; no evidence of arson; a named insured who has been missing since 4 days before the fire and whose present whereabouts is unknown; and an insurer that has made no demand upon the missing named insured, and which has sent no notice to the missing named insured at any address of its intention to examine him under oath.

*Quaere:* In such a situation, does the insurer have any legal justification for refusing to pay the loss merely be-

cause it has a suspicion, but no evidence to support it, that the missing named insured may be guilty of arson in connection with the fire?

The answer is no.

■ If we assume a breach of contract by the missing named insured by his failure to come and be examined by the insurer, it must be established to be a material breach before payment can be refused; *i.e.,* there must be some showing that the insurer has been injured thereby.

No such showing is made here. Unless the missing named insured is guilty of arson, this loss should be paid. If he is guilty of arson, he is also guilty of murder because his wife died in consequence of the fire. There is no suggestion that the public authorities are actively seeking the missing named insured for arson or murder.

Public policy will not permit an insurance company to substitute a claimed suspicion of arson against an express and well-supported finding by the trial court that there is no evidence of arson as an excuse for nonpayment of a loss to the representative of a named insured who has made adequate proof of loss.

Finally, appellant insurance company contends that it should not be required to pay anything to Mr. Ward. That question is not before us. The judgment is in favor of the administratrix of the community estate and of Mrs. Ward's estate. We express no opinion as to the relative rights of Mr. Ward and the insurance company should he claim any part of the insurance proceeds as an heir of Mrs. Ward or as the surviving member of the community.

The judgment is affirmed.

HILL, FINLEY, WEAVER, and ROSELLINI, JJ.—A rough draft of the foregoing opinion had been prepared by the late Judge Harry Ellsworth Foster. Some alterations and changes have been made in form, but not in substance. The foregoing opinion is approved by the other four judges sitting in Department One, who heard this case, and it is adopted by them as the opinion of the court.