[No. 133-40996-1. Division One. March 30, 1970.]
Panel 2

KENNETH BRYDGES, *Respondent*, v. COAST WIDE LAND, INC., *Appellant*.

*Kumm, Maxwell, Petersen & Lee, Raymond J. Petersen,* and *Lawrence B. Bailey,* for appellant.

*Edward C. Beeksma,* for respondent.

HOROWITZ, A. C. J.—Plaintiff, a real estate salesman and office manager of the defendant, was awarded judgment below for $2,359.76 without interest as a balance due on certain real estate sales made by him in the latter part of December, 1966. Defendant (Coast) appeals, its assignments of error raising the common question whether the findings are supported by substantial evidence.

Plaintiff was employed by Coast as a real estate salesman and with another employee, C. A. Wagner, a stockholder and vice-president of Coast, operated Coast's Whidbey Island branch office at Clinton from June, 1963, to February 6, 1967. Plaintiff was paid 70 per cent of the gross real estate commissions he personally produced, together with a cer-

tain amount of the gross commissions produced by each of the Coast salesmen working under his supervision. However, plaintiff was required to pay his share of expenses of the Whidbey Island branch office. In 1966, plaintiff's gross earnings amounted to $50,176.56.

On December 9, 1966, Coast held a sales meeting at which the plaintiff and other salesmen were present. At that meeting, Coast presented and produced a written policy statement setting forth revised compensation arrangements to take effect January 1, 1967. The policy statement provided that all salesmen, including the plaintiff, were to receive only 55 per cent of the gross real estate commissions produced but that in addition, a sum designated "bonus" would be paid to each salesman payable at the end of 1967 based on "their regular total earnings over $10,000 paid in 1967." So far as plaintiff and C. A. Wagner were concerned, certain expenses theretofore paid by plaintiff and Wagner would be paid by Coast. Under the policy statement, plaintiff and Wagner would receive less compensation than they had received in prior years although the other salesmen could earn more. The policy statement contemplated that only real estate commissions both earned and paid in 1967 would be the base on which the bonus would be computed. However, plaintiff faced with the prospect of reduced earnings objected and threatened to quit. After discussion, and on the basis of conflicting testimony, the court found that the policy statement for 1967 was amended so that all cash and deferred commissions on business closed in prior years that were actually paid in 1967 would be included in the base and under the formula on which the 1967 bonus of each affected employee would be computed.

Plaintiff continued in employment without apparent change of duties subsequent to the December 9, 1966, sales meeting. On December 26, 28 and 29, 1966, he closed three real estate transactions produced by him. Coast gave him his choice as to whether the commissions should be computed on the 1966 70 per cent commission basis or the 1967 55 per cent commission basis. He elected to take the 70 per

cent commission basis. However, the commissions on the plaintiff's three December transactions were not paid to the plaintiff until 1967. Other deferred commissions on transactions closed in previous years were also paid to him in 1967, but, if considered alone, being less than $10,000, no bonus would have become payable. If, however, all the commissions in excess of $10,000 on transactions closed prior to 1967, but paid in 1967, were includable in the 1967 bonus base, then a bonus in the amount adjudged below was correctly computed.

Plaintiff continued in Coast's employment until February 6, 1967, when the employment relation was terminated because of "personality conflicts." Whether the plaintiff or the defendant was responsible for the conflicts does not appear and the court made no finding thereon. Neither the December 9, 1966, policy statement nor the oral discussions at the December 9 meeting dealt with the question of whether in order to collect a bonus a salesman or the plaintiff was required to remain in employment throughout the year 1967. There was evidence that Coast paid a bonus to one of the salesmen whose employment terminated near the end of 1967. The evidence does not show what duties the plaintiff performed in 1967, prior to the termination of his employment.

■ Defendant contends that the evidence does not support the court's finding that all commissions in excess of $10,000, including commissions on sales written prior to January 1, 1967, were to be included in the 1967 bonus base. There was substantial evidence to support the court's finding on this point and we are bound by the court's finding. *In re Estate of McNeal*, 75 Wn.2d 103, 449 P.2d 100 (1969).

■ Defendant also contends that the court erred in refusing to find that the termination of plaintiff's employment was voluntary. If the purpose intended to be served by the proposed finding was to enable reliance upon the defense of voluntary termination of employment (See Annot., 81 A.L.R.2d 1066, 1082 (1962)), then the burden of proving such a defense to the plaintiff's action to recover

the bonus claimed was upon the defendant relying on such a defense. *Cf., Hansen v. Columbia Breweries, Inc.,* 12 Wn.2d 554, 122 P.2d 489 (1942). The evidence is not clear as to who was responsible for the plaintiff quitting. Coast's witness, Mr. Wagner, testified, when asked as to why the plaintiff left the employ of Coast, "I would say probably because of some personality conflicts." The rejection of defendant's proposed finding is either because the evidence presented would not support it *(Nicolai v. Transcontinental Ins. Co.,* 61 Wn.2d 295, 298, 378 P.2d 287 (1963)) or it is, in effect, a finding that the defendant has not sustained its burden of proof of voluntary termination of employment. *Ingle v. Ingle,* 183 Wash. 234, 48 P.2d 576 (1935). We cannot find that the court erred.

Defendant's principal contention is that there is no substantial evidence or reasonable inference therefrom to support the court finding that the bonus agreement

was not an incentive bonus for continued employment for a specific period, but was a revampment of the system of payment by defendant to its salesmen and did not provide for nor contemplate that bonuses would be sacrificed if the employee, salesmen, terminated his employment with defendant prior to December 31, 1967.

Defendant contends the agreement of December 9 was a true bonus agreement impliedly requiring plaintiff's continued employment throughout the year 1967 in order to receive his bonus. There was no evidence that the word "bonus" was used at the December 9, 1966, meeting in any special or technical sense. Apparently no one raised or discussed the question of the technical requirements of "bonus" and the defendant did not qualify its promise to pay the bonus by an express statement that the bonus would be lost if plaintiff or a salesman quit or was discharged before the end of 1967. Had such a provision been inserted, it would have been enforceable. *Spooner v. Reserve Life Ins. Co.,* 47 Wn.2d 454, 287 P.2d 735 (1955). The court could find as a reasonable inference from the evidence that if the employer intended to terminate the bonus

as to any employee whose employment was terminated prior to the end of 1967, it could easily have said so and that not having said so, plaintiff was entitled to believe that there was no such requirement. Furthermore, the employment here is not employment on a salary for a fixed period basis, but employment on a commission basis upon sales made by the employee. One may draw an inference as to intention with respect to an employee working on a commission basis different from an inference that may be drawn with respect to an employee working on a salary basis. Indeed, as pointed out above, there was evidence that in the case of one salesman who terminated his employment near the end of 1967, his bonus was paid nevertheless. Furthermore, plaintiff would be especially entitled to recover his bonus if the plaintiff quit for cause.

 Nor can it be said, as contended by defendant, that there was no consideration for plaintiff's bonus. The consideration was plaintiff's continued employment or implied promise to continue employment at will after December 9, 1966, followed by three sales produced by him on December 26, 28 and 29, 1966. See *Scott v. J. F. Duthie & Co.*, 125 Wash. 470, 216 P. 853 (1923); Annot., 28 A.L.R. 328, 346 (1924). In our opinion, there is substantial evidence to support the court's finding.

Defendant contends that when plaintiff, with defendant's consent, elected to take the 1966 commission percentage for the December 26, 28 and 29, 1966 real estate transactions, he thereby necessarily agreed that the commissions would not be includable in the base on which to compute the 1967 bonus even though the commissions were paid in 1967. This contention assumes (contrary to the court's finding below) that cash commissions earned in 1966, though payable in 1967, were not o be included in the 1967 bonus base. There is nothing nec ssarily inconsistent in the defendant electing to receive a commission on the 1966 basis and yet to do so in reliance upon the December 9, 1966, agreement that all commissions paid in 1967, in excess of $10,000, whether earned prior or subsequent to December 9, 1966, would be

includable in the base on which the 1967 bonus would be computed. This is all the more true in the absence of evidence of an agreement between the parties that when plaintiff elected to take the 1966 commission percentage, he also agreed to forego his bonus which would otherwise have been payable as a result of the December 9, 1966, agreement.

Plaintiff contends that the trial court should have allowed him interest on the amount of the judgment from January 1, 1968. However, he has not cross-appealed. CAROA 33. Without such a cross-appeal this court has no jurisdiction to consider his claim of error. *DeBlasio v. Kittitas,* 57 Wn.2d 208, 356 P.2d 606 (1960).

The judgment is affirmed.

UTTER and WILLIAMS, JJ., concur.