WEBER, APPELLANT, *v.* GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, APPELLEE.

(No. L-82-309—Decided March 11, 1983.)

*Mr. William A. Byrne,* for appellant.
*Mr. Robert P. Rutter* and *Mr. Jeffrey A. Summers,* for appellee.

HANDWORK, J. This case is before the court on appeal from the Lucas County Court of Common Pleas which granted defendant-appellee's motion for summary judgment.

The essential facts are not in dispute. On November 5, 1979, a fire occurred in the home of plaintiff-appellant, James A. Weber, which substantially destroyed the structure. Appellant's home was covered for loss by fire under an insurance policy issued by defendant-appellee, General Accident Fire & Life Assurance Corporation. The policy set forth certain conditions and limitations for the coverage, of which the pertinent portions are as follows:

"SECTION I — CONDITIONS

"* * *

"2. Your [the insured's] Duties After Loss. In case of a loss to which this insurance may apply, you shall see that the following duties are performed:

"a. give immediate notice to us or our agent[.]

"* * *

"d. exhibit the damaged property as often as we reasonably require and submit to examination under oath;

"* * *

"SECTION II — CONDITIONS

"* * *

"6. Suit against us. No action shall be brought against us unless there has been compliance with the policy provisions."

This policy had been in effect for about one year prior to the date of the fire. Sometime after the fire, appellant or appellant's attorney notified appellee that a claim was being made under the policy. On May 5, 1980, appellant's attorney received a letter from appellee's counsel indicating that appellee required "a signed, sworn statement" from appellant regarding the fire. On June 6, 1980, appellant sent a "Sworn Statement in Proof of Loss" to appellee. In this statement, appellant claimed $51,000 as the monetary loss caused by the fire. On August 7, 1980, appellee sent a second letter to appellant's attorney, requesting that appellant "appear for the purpose of taking his examination under oath at a mutually agreeable time and place." No further communications were made by either party. A sworn examination of appellant was never conducted.

On April 15, 1982, appellant filed a complaint seeking judgment in the amount of $39,171. On May 12, 1982, appellee field a motion for summary judgment, which was accompanied by a memorandum and an affidavit in support thereof. On October 5, 1982, the trial court granted summary judgment in favor of appellee. From said judgment, appellant brings this appeal.

Appellant's sole assignment of error is as follows:

"Appellant assigns as error the trial court's granting of appellee's motion for summary judgment for breach of a condition precedent to the filing of the suit. It is appellant's contention that he cannot be held in breach of the condition until he is properly notified by appellee and that therefore summary judgment was improperly granted for the appellee."

The dispositive issue raised in this appeal is whether appellant, as the insured, received proper notice of his obligation to submit to an examination under oath. The insurance policy clearly requires the insured to fulfill certain conditions once a loss occurs to which coverage applies. These conditions are express conditions precedent to bringing suit against the in-

surer on the policy. The insured bears the burden of proving compliance with each of these conditions. Yet the particular condition precedent at issue herein, that the insured submit to a sworn examination, is *not* self-executing. Since such an examination can be waived by the insurer, reasonably specific notice that it intends to conduct a sworn examination would also serve as concomitant notice that the condition is still operative. Even so, the question of whether appellant breached the condition of submitting to a sworn examination presupposes that appellee made a *legally sufficient* demand for it. We conclude that appellee did not do so.

In *Mahoney* v. *Scottish Union & Natl. Ins. Co.* (1905), 3 Ohio N.P. (N.S.) 246, affirmed (1906), 74 Ohio St. 503, the court held that notice of the insurer's intention to have the insured examined under oath is sufficient if it states with particularity the time and place of the examination and the name of the person who is to conduct it. The court stated:

"* * * The purpose of stating the time, place and person before whom the examination is to be had is to enable *the insured* to understand, first, that the company means to have an examination; and, secondly, *that he may know with definiteness when and where and before whom that examination is to take place.* The examination is recognized as the [insurance] company's examination. * * *" (Emphasis added.) *Id.* at 250.

In this case, the "notice" is defective in two respects. First, it appears that only appellant's attorney received appellee's letter of August 7, 1980. Because the insurance policy *sub judice* is in reality a contract running between appellant and appellee, fairness requires that notice be given, as a matter of course, *to appellant himself,* as well as to his attorney. This stems from the nature of the policy *as a contract of insurance between the insurer and the insured,* notwithstanding the well-established rule that notice to an attorney is imputed as notice to his client. *American Export & Inland Coal Corp.* v. *Matthew Addy Co.* (1925), 112 Ohio St. 186, paragraph two of the syllabus. Secondly, in the aforementioned letter of August 7, appellee's request for a sworn examination is not reasonably specific.[1] See 30 Ohio Jurisprudence 2d 661, Insurance, Section 721. The "demand" is couched in precatory language and appears to shift to appellant the responsibility of arranging the details of his examination.[2] To be legally sufficient, a demand by the insurer that the insured submit to an examination under oath must specifically designate the time and place of the examination and the person before whom the examination is to be conducted. If the demand lacks such definiteness, in an action on the policy by the insured, the defense that the insured failed to submit to a sworn examination is unavailable to the insurer. We conclude that appellant did not receive proper notice of appellee's demand for an examination under oath as provided for in the policy. We therefore find appellant's sole assignment of error

---

[1] See 5A Appleman, Insurance Law and Practice (1970) 557, Section 3551, which states, in part:

"Where no person [is] * * * designated by the insurer to make the examination, the insured [has not been held] * * * to have breached a requirement to attend an examination concerning a loss. And a provision requiring attendance is available as a defense only if the insurer fixes a reasonable time and place therefor. In fact, the time and place of taking, and person to take the examination, must all be set forth by the insurer in its demand." (Footnotes omitted.)

[2] We find the position of other jurisdictions to be persuasive on the issue of what constitutes legally sufficient notice. See, *e.g., Saft America, Inc.* v. *Ins. Co. of North America* (1980), 155 Ga. App. 500, 502, 271 S.E. 2d 641; *Citizens Ins. Co.* v. *Herpolsheimer* (1906), 77 Neb. 232, 109 N.W. 160. Cf. *Nicolai* v. *Transcontinental Ins. Co.* (1963), 61 Wash. 2d 295, 378 P. 2d 287.

well-taken. The trial court erred in granting summary judgment in favor of defendant-appellee.

On consideration whereof, this court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is hereby reversed. This cause is remanded to said court for further proceedings. Costs assessed against appellee.

*Judgment reversed*
*and cause remanded.*

DOUGLAS and RESNICK, JJ., concur.