972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sharon M. MUHAMMAD, Plaintiff-Appellant,
Abdullah Muhammad, Plaintiff,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 No. 91-4119.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1992.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This Ohio plaintiff appeals the district court's summary judgment for defendant. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Additionally, appellant has expressly waived oral argument in this case. Rule 9(c), Rules of the Sixth Circuit. Although requested to do so by April 23, 1992, appellee failed to provide a statement in support of oral argument. Appellee is deemed therefore also to have waived oral argument pursuant to Rule 9(d), Rules of the Sixth Circuit.
 
 
 2
 Sharon M. Muhammad alleged that defendant, her insurer under a homeowner's policy, breached its duty of fair dealing by failing to give a reasonable basis for its request that she submit to a sworn examination as a condition prerequisite to honoring her claim for lost or stolen property. Defendant moved for summary judgment on grounds that an insured's failure to comply with a policy's "cooperation clause" relieves the insurer of liability. The district court granted the motion for summary judgment and dismissed the complaint.
 
 
 3
 Upon review, we conclude that summary judgment was proper. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Material facts are not in dispute and defendant is entitled to judgment as a matter of law. Following a burglary at her residence, Muhammad filed a claim with the insurer. Her insurance policy provided in part:
 
 SECTION 1--CONDITIONS
 
 4
 2. Your Duties After Loss. After a loss to which this insurance may apply, you shall see that the following duties are performed:
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 d. As often as we reasonably require:
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (3) Submit to examinations under oath and subscribe to same; and
 
 
 11
 (4) Produce employees, members of the insured's household or others for examination under oath to the extent that it is within the insured's power to do so.
 
 
 12
 Pursuant to this provision, defendant requested Muhammad and her husband to appear for a sworn examination. Muhammad responded with her own request that the insurer provide a basis or a reason for taking her deposition.
 
 
 13
 Muhammad maintains that factual issues remain as to whether she expressly refused to comply with the request and whether defendant provided a reasonable basis for the request. These issues are not genuine issues of material fact because they do not affect the outcome of the suit. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 14
 Defendant is entitled to judgment because, under Ohio law, an insured has a clear duty to comply with an insurance policy's cooperation clause. See State Farm Mut. Auto. Ins. Co. v. Holcomb, 9 Ohio App.3d 79, 458 N.E.2d 441, 444 (1983); Luntz v. Stern, 135 Ohio St. 225, 20 N.E.2d 241, 244 (1939). The insurer has no concomitant duty to articulate a reasonable basis for its request under the terms of the insurance contract. See Weber v. General Accident Fire & Life Assurance Corp., 10 Ohio App.3d 305, 462 N.E.2d 422, 424 (1983).
 
 
 15
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.