## A. P. CAMERON and Another v. A. BOOTH & COMPANY.[2]

### August 10, 1906.

### Nos. 14,781—(187).

**Breach of Contract.**

In an action for damages for breach of contract, *held*, that the evidence sustains the verdict.

Appeal by defendant from an order of the district court for Ramsey county, Hallam, J., denying its motion for judgment notwithstanding the verdict of $9,016 for the plaintiff, or for a new trial. Affirmed.

*Daniel W. Lawler* and *Edward Sanford*, for appellant.

*C. D. & R. D. O'Brien*, for respondents.

**PER CURIAM.**

Appeal from an order denying the defendant's motion for judgment notwithstanding the verdict or for a new trial.

[1] Reported in 108 N. W. 1118.    [2] Reported in 108 N. W. 514.

99 M.—33

The defendant contemplated erecting a cold storage building in the city of St. Paul, and advertised for bids for its construction upon plans and specifications prepared by its architects. The specifications invited bids on different bases, of which only the following are here material:

1. According to the architects' plans, using cast iron columns.

2. According to the architects' plans, using architects' design for concrete columns.

7. Using Kahn system of reinforced concrete construction.

8. Using Kahn system and cast-iron columns.

The architects' plans contain full designs for use in connection with bids upon the basis of Nos. 1 and 2. The specifications also contain a provision that

> In addition to the two designs of interior columns, girders, and floor slabs shown in architects' plans, contractors may also bid on other systems of reinforced concrete construction, complete designs to be furnished with bids. Alternate designs to be governed by the regulations given in the following sections. Bidders furnishing their own designs may bid on concrete columns, or they may combine their floor construction with the cast-iron columns.

The specifications contain the further provision that

> Before the contract is awarded the contractor must get a written approval from the St. Paul building inspector of his design and system of construction.

Plaintiffs' bid was as follows:

> We will agree to build and complete the proposed Booth cold storage building in St. Paul according to plans and specifications * * * and furnish all material and labor necessary for the sum of one hundred and twenty six thousand six hundred and four dollars ($126,604-$00/100$). If concrete columns are used, one hundred and twelve thousand seven hundred dollars ($112,700 $00/100$); above proposition is based on the Kahn system of reinforced concrete.

The plaintiffs claim that the defendant accepted the bid based upon the Kahn system of reinforced concrete, and thereafter refused to allow them to carry out the contract. The negotiations were had with C. L. Case, the manager of the defendant's cold storage department.

The issues were: (1) Did Mr. Case, acting for A. Booth & Co., accept the plaintiffs' bid? (2) If so, had he authority to represent A. Booth & Co. in this particular matter? (3) Was the plaintiffs' bid, taken in connection with the plans and specifications, sufficiently definite and complete to form the basis of a contract?

The issues of fact were left to the jury under proper instructions, and we find no errors in the record which would justify a reversal of the order. The

counsel for the appellant has devoted about ninety pages of a very able brief to an analysis of the evidence, which he very earnestly contends required a verdict to be directed in his favor. We have made a very careful examination of the record, and have come to the conclusion that the evidence sustains the verdict. To review the evidence in detail would make the opinion unnecessarily long and accomplish no good purpose.

We find no error in the instructions, and the order appealed from is affirmed.