## A. E. LITTLE COMPANY v. JOHN W. THOMAS & COMPANY, INC.[1]

March 9, 1928.

No. 26,437.

**Term in lease for purchase of fixtures by lessee construed.**

A provision in a lease for the purchase of certain fixtures from the lessor by the lessee, in the event of the lease being "extended," construed that the parties did not have in mind a statutory extension from month to month by operation of law but an extension as a result of an agreement between the parties.

Fixtures, 26 C. J. p. 710 n. 96.

Plaintiff appealed from an order of the district court for Hennepin county, Montgomery, J. denying its motion for a new trial. Reversed.

*A. B. Jackson,* for appellant.

*M. H. Boutelle, James I. Best* and *Robert J. Flanagan,* for respondent.

WILSON, C. J.

Appeal from an order denying motion for a new trial.

On November 15, 1923, defendant leased to plaintiff floor space in its (lessor's) store for the operation of a shoe department. The rental was to be a certain per cent on amount of sales. Money from sales was collected by lessor. By the terms of the written lease it expired December 31, 1924. It contained this provision:

"In the event the term of this lease shall be extended, Lessee agrees to purchase from Lessor the fixtures installed for use of such departments by Lessor at the date hereof and to pay Lessor for such fixtures, at the time of such extension, the sum of $1,260."

After December 31, 1924, plaintiff continued in the possession and occupancy of the leased premises until May 13, 1925, paying the

[1]Reported in 218 N. W. 242.

rent, in accordance with the terms of the lease, which was accepted by defendant. No express agreement was made between the parties covering the time which plaintiff held over. This action is to recover $1,290 due plaintiff from defendant because of plaintiff's sales.

The answer alleged a counterclaim on the theory that the lease had been extended and that $1,260 with interest since December 31, 1924, was due defendant for the fixtures. The trial court found for defendant and offset defendant's indebtedness against plaintiff's.

The court found as a fact that the lease was "extended" from and after December 31, 1924. We are forced to the conclusion that this finding was reached only upon the theory that such extension resulted from operation of law. When the lessee held over without express contract with the owner he became a tenant from month to month by implication (the rent being payable monthly) under the terms of the expired lease. G. S. 1923, § 8193.

Viewing the situation of the parties when they made the lease, we construe their language as indicating an intention that if the business venture proved sufficiently successful to make it mutually desirable to continue the same the lessee should, in the event of an extension of the lease, buy and pay for the fixtures. It would seem that the lessee was not willing to assume this burden or expense until it conducted the business for the term stated in the lease, when it would know whether the continuance of the venture would warrant its purchasing the fixtures which apparently the lessor in good business judgment desired to pass to the lessee.

It is highly improbable that either of the parties ever contemplated a sale or purchase of the fixtures in the absence of a definite extension for a reasonable period of time. We cannot suppose that the lessee would intend to contract to buy the fixtures in the event of its continuing the business for 30 days or even for six months. Nor do we believe that the lessor would expect the lessee to do so.

In Bekkevold v. Potts, 173 Minn. 87, 216 N. W. 790, we held that where the parties contracted that "no warranties have been made" this did not destroy the implied warranty imposed by law. We there construed the contract as relating exclusively to warranties by agreement, by contract, verbal or written, or express warranties;

and not to implied warranties which are not matters of agreement but arise by operation of law.

Contracts are to be construed as far as possible to avoid absurd or unjust results. The court seeks to find the mutual intention of the parties as expressed in the contract, and the ultimate test or standard of construction is the reasonable meaning of the language used, considered in the light of the circumstances, and what the parties must have reasonably contemplated.

We are of the opinion that the extension clause in the lease did not mean an extension by operation of law by virtue of the statute but as a result of an agreement between the parties.

Reversed.