# NICK HARTUNG v. ALBERT BILLMEIER.[1]

November 5, 1954.

No. 36,333.

[1]Reported in 66 N. W. (2d) 784.

*Lauerman, Johnson & Gustafson,* for appellant.
*H. R. Pfeiffer,* for respondent.

150

MATSON, JUSTICE.

Plaintiff appeals from an order denying his motion for judgment notwithstanding the verdict or a new trial.

In July 1945 defendant commenced working for plaintiff in the latter's garage. In the early part of August of the same year plaintiff said to the defendant and other employees:

*"You boys stick with me for five years and I will give you a hundred dollars a year bonus."* (Italics supplied.)

Defendant thereafter worked continuously for plaintiff in the garage until April 1950 when plaintiff transferred him to a bulk oil station where his employment continued until April 1952 when he voluntarily quit. In other words, defendant worked continuously for plaintiff for a period of about six years and nine months. When he quit he owed plaintiff $349.14 for tires and fuel oil. In plaintiff's action to collect this sum, defendant counterclaimed for the promised bonus of $100 a year. The jury awarded him $670 on the counterclaim.

The issues arising on this appeal are (1) whether the offer is sufficiently definite and certain to form the basis of a contract, (2) whether the oral agreement is within the statute of frauds, (3) whether there is a consideration for the contract, and (4) whether the evidence concerning defendant's alleged misconduct was properly excluded.

■ Although the evidence sustains a finding that plaintiff made the oral offer in the words above quoted, plaintiff asserts that such offer is so indefinite as to what he meant that a verdict awarding a bonus in any amount is based on conjecture and speculation. We do not agree. It is true that an offer must be sufficiently definite to form the basis of a contract.[2] Although vagueness and indefiniteness may prevent the creation of a contract, it is not to be forgotten that any offer or agreement is indefinite and uncertain in some degree since words are but imperfect symbols of what each

[2]See, 4 Dunnell, Dig. (3 ed.) § 1744.

party understands and intends.[3] A proper administration of justice does not permit an overzealous quest for subtle ambiguity to destroy the intent of the parties when the court, despite some incompleteness and imperfection of expression, can reasonably find that intent by applying the words used, with all their reasonable implications, to the subject matter as the parties themselves, under all the surrounding circumstances, must have applied, used, and understood them. This court is reluctant to invoke the principle that indefiniteness prevents the creation of a contract where a just result, consistent with a reasonably expressed intent of the parties, can be reached by upholding the agreement. Ames-Brooks Co. v. Aetna Ins. Co. 83 Minn. 346, 349, 86 N. W. 344, 345.

Plaintiff's offer was converted into a contract when defendant had continued his employment for the full five-year period. Since the resulting oral contract was not conclusively susceptible of only one construction, its construction was for the jury.[4] The jury obviously construed the contract as providing that the $100 annual bonus should be paid for each year of the five-year period and also for each year or fraction thereof in excess of five years. In determining contractual intent, the ultimate test or standard of construction is the reasonable meaning of the language used, considered in the light of the surrounding circumstances, and what the parties must reasonably have contemplated.[5] In accordance with these principles, the offer was sufficiently definite to enable the jury, under all the surrounding circumstances, to ascertain the intent of the parties with respect to the amount of the bonus, the period for which it was to be paid, and the conditions and time of its payment. It follows that the amount of the verdict was not excessive.

Furthermore the jury was justified in finding that defendant refrained from exercising his right to quit plaintiff's employment

[3]See, 4 Dunnell, Dig. (3 ed.) §§ 1726, 1744; 12 Am. Jur., Contracts, § 64; 1 Corbin, Contracts, § 95.

[4]Thompson v. Davidson, 136 Minn. 368, 162 N. W. 458; 4 Dunnell, Dig. (3 ed.) § 1841; cf. Gransbury v. Saterbak, 116 Minn. 339, 133 N. W. 851.

[5]A. E. Little Co. v. John W. Thomas & Co. Inc. 174 Minn. 87, 218 N. W. 242; see, 4 Dunnell, Dig. (3 ed.) § 1816.

in reliance upon the promise of a bonus. An act or forbearance which requires five years to perform, and which was performed over six years, is not normally a mere coincidence unrelated to deliberate action. This fact alone was a circumstance to which the jury could attach some weight. Also, a disinterested witness testified that plaintiff in discussing defendant's tire and fuel account said:

"Here is an account I'll never collect. *I owe him some money which he won't collect either.*" (Italics supplied.)

Although the last quoted sentence did not expressly refer to the bonus, the jury, in view of the circumstance surrounding the parties, could reasonably infer that it related to the bonus and that it amounted to an admission by the plaintiff that he knew defendant had continued his employment in reliance upon his offer. Upon the evidence as a whole we find that the jury did not err in finding the element of reliance.

■ Was either plaintiff's promise or offer to pay a bonus or the oral agreement which subsequently resulted when the offer was accepted within the statute of frauds (M. S. A. 513.01[1]), which provides, insofar as here pertinent, that no action shall be maintained upon any agreement that is not to be performed within one year from its making unless it is in writing? At the outset it should be noted that the only applicable provisions of § 513.01, namely paragraph (1), is expressly limited to "every agreement" and does not include the word "promise" as do paragraphs (2), (3), and (4) of said statute. The term "agreement" as used in the statute of fraud is synonymous with the term "contract." The statute presupposes an existing lawful contract which is suspended until the statute is satisfied. Browne, Statute of Frauds (5 ed.) § 115a. Clearly, a bare promise or offer to pay a bonus does not qualify as a contract within the meaning of the statute of frauds until it has been actually converted into a contract by an acceptance of some kind.

■ Was the contract within the statute of frauds? Since defendant's performance covered not only the specified time of five years but also an additional period, we shall in the interest of clarity,

despite the fact of complete performance by one of the parties, consider the nature of the parol contract as to the time and manner of its creation and as to its application after the five-year period. Inasmuch as plaintiff's offer or promise to pay a bonus was not accepted by a promise of the defendant to work continuously for him for five years, no bilateral contract resulted when the offer was made.

"* * * A bilateral contract is one in which there are mutual promises between two parties to the contract; each party being both a promisor and a promisee." Restatement, Contracts, § 12.

A promisee may, however, accept an offer or promise to pay a bonus by performing the act or forbearance specified in the offer, but such act or forbearance must differ from what the promisee is already obligated to do either by law or by existing contract. When a promise is thus accepted by performance of the designated act or forbearance, the promisor's offer is converted into a unilateral contract which comes into being the moment the act or forbearance has been fully performed.

Here the defendant accepted plaintiff's offer by forbearing to leave plaintiff's employment for five years. The moment plaintiff's offer was thus converted into a contract, the bonus became due and payable. At that moment such parol contract was clearly not within the statute of frauds since it was then fully performed by one of the parties, the defendant.[6] It was not only fully performed by the defendant, but it was subject to immediate performance by the plaintiff.[7]

What of the employment of one year and nine months which followed the creation of the contract upon the completion of the

[6]Blake v. J. Neils Lbr. Co. 111 Minn. 513, 127 N. W. 450; Hammel v. Feigh, 143 Minn. 115, 173 N. W. 570; see, 49 Am. Jur., Statute of Frauds, § 554.

[7]Query: What remedy has offeree when offeror revokes offer for unilateral contract after partial performance by the offeree? See, Mooney v. Daily News Co. 116 Minn. 212, 133 N. W. 573, 37 L.R.A.(N.S.) 183; La Du-King Mfg. Co. v. La Du, 36 Minn. 473, 31 N. W. 938; 12 Am. Jur., Contracts, § 34.

stipulated five-year period? When, after the expiration of the term originally designated in an offer which has been converted into a contract, the same services continue to be performed without objection by the employer and absent any agreement to the contrary, there is a presumption that the parties have assented to a continuance of the services for the same contractual rate of compensation. This presumption is consistent with the jury's finding herein that the $100 per year bonus applied to the additional one year and nine months. The contract being applicable to the additional period, and having been fully performed by one of the parties as to such period, it follows again that the statute of frauds is inapplicable.[8]

The contention that the oral contract is invalid for lack of consideration has no merit. In a unilateral contract, the exchange for the promise is something other than a promise, and the doctrine of mutuality is inapplicable.[9] Any lawful act or forbearance of value performed by the promisee, in addition to or different from that which he already is obligated to render either by law or contract, is a sufficient consideration for a unilateral contract.[10] The fact that plaintiff made the offer of a bonus after defendant had entered his employment does not indicate a lack of consideration *since the defendant was not already legally bound to continue serving his employer for the specified time.*[11] In 1 Williston, Contracts (Rev. ed.) § 130B, p. 452, the principle is stated as follows:

"* * * if the purpose and effect of the executory promise of a bonus is to induce the employee to refrain from exercising his liberty of quitting and, in reliance thereon, he does so refrain for the period specified, there is sufficient consideration to render the promise enforceable."

---

[8]See, Hahnel v. Highland Park College, 171 Iowa 492, 152 N. W. 571.
[9]Restatement, Contracts, § 12; 12 Am. Jur., Contracts, § 14.
[10]See, Restatement, Contracts, § 76.
[11]Scott v. J. F. Duthie & Co. 125 Wash. 470, 216 P. 853, 28 A. L. R. 328.

A bonus so promised is not a gift but is in effect a raise in wages in return for new service.[12] The consideration is adequate,[13] and the employee's compliance with the terms of the offer creates a contract that is supplementary to the contract of employment.[14]

The trial court did not err in excluding evidence to show that plaintiff had justifiable grounds for discharging the defendant for cause before the expiration of the five-year period. If an employer who has promised to pay a bonus for continuous service for a specified period has knowledge of facts sufficient to discharge his employee for good cause but still retains him for the specified period, he cannot set up these facts as a defense to an action for the bonus where the employee has fully complied with the terms of the offer unless such facts show a substantial and material failure striking at the very essence of the contract or that the parties intended that such facts would invalidate the contract. Abramson v. Dry Goods Refolding Co. Inc. 166 N. Y. S. 771. We find no error herein since the plaintiff made no such showing.

We find no variance between the proof and the pleadings.

The order of the trial court is affirmed.

Affirmed.

[12] 1 Corbin, Contracts, § 192, p. 629.

[13] Scott v. J. F. Duthie & Co. 125 Wash. 470, 216 P. 853, 28 A. L. R. 328; Twohy v. Harris, 194 Va. 69, 72 S. E. (2d) 329; Wellington v. Con P. Curran Printing Co. 216 Mo. App. 358, 268 S. W. 396; see, 12 Am. Jur., Contracts, § 91.

[14] Scott v. J. F. Duthie & Co. *supra;* Wellington v. Con P. Curran Printing Co. *supra.*