Robert P. SWANSON and Vela Swanson, individually and d.b.a. Smilin' Bobs Trucking, Inc., Appellants,

v.

AMERICAN HARDWARE MUTUAL INSURANCE COMPANY, Defendant,

General Adjustment Bureau, Inc., Respondent.

No. C0-84-1268.

Court of Appeals of Minnesota.

Dec. 24, 1984.

Review Denied March 6, 1985.

John E. Thomas, St. Paul, for appellants.

Jon Hanson, Minneapolis, for defendant.

Heard, considered and decided by LANSING, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The trial court issued an order granting summary judgment to respondent General Adjustment Bureau, Inc., and appellants appealed from that order. We affirm.

## FACTS

Appellants own a trucking business which operates out of McGregor, Minnesota. Robert Swanson drives the truck and Vela Swanson does the bookkeeping. The truck used in the business needed repairs, and in January, 1980, Robert Swanson brought it to Trucks of Duluth for repair. Despite the repairs, Swanson continued to experience problems with the truck.

In March, 1980, while on the road, Swanson noticed transmission problems, and brought the truck to a shop in Flagstaff, Arizona. The mechanic who examined the truck found that the speedometer plug on the transmission was missing; the gear lubricant had drained, causing the transmission to partially "burn up." The Arizona mechanic talked to a mechanic at Trucks of Duluth, and told him the plug had vibrated loose on the highway; the Trucks of Duluth mechanic agreed that it could have happened by vibration from an improperly installed or tightened plug. Trucks of Duluth turned the matter over to its insurer, American Hardware Mutual (AHM), the other defendant in this action. AHM is not involved in this appeal.

AHM arranged for an adjuster, Mr. Walker from respondent General Adjustment Bureau, Inc., (GAB) to examine the truck, and he did so. The Arizona mechanic asked if he was cleared for funding and Swanson says the adjuster "nodded affirmatively." The adjuster also asked Swanson to document his down-time expenses.

The following day, Mr. Hake from AHM talked to the Arizona mechanic while appellants were at his shop. Hake told the mechanic that the insurance company was not going to pay the Swansons' claim because Larry Lindblom from Trucks of Duluth said that they had had a lot of trouble with Swanson, and would not put it past him to deliberately sabotage or remove the plug to get even with Larry. The Swansons were angry and humiliated, and had to arrange to borrow funds to pay for the truck repair from a family friend.

Mr. Walker, the GAB adjuster, denied authorizing repairs and stated that he had no authority to do so. Mr. Kennedy, another GAB adjuster who dealt with the Swansons' truck repair, was skeptical about the number of miles which the truck was driven before the breakdown occurred, and advised the insurance company that it should contact the insured to obtain further details.

The insurance company did not reimburse the Swansons for the cost of repair, and the Swansons commenced this lawsuit against the insurance company and GAB. (Trucks of Duluth is not a defendant in this action). Respondent GAB moved for summary judgment in its favor, and the district court granted the motion. The Swansons have appealed, contending that the trial court erred in granting summary judgment because there were genuine issues of material fact.

## ISSUE

Did the trial court properly grant summary judgment in favor of the respondent?

## ANALYSIS

Rule 56.03 of the Minnesota Rules of Civil Procedure provides that upon a motion for summary judgment:

Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Upon review of an order granting summary judgment, this court must "determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law." *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The non-moving party has the benefit of that view of the evidence which is most favorable and is entitled to have all doubts and factual inferences resolved against the moving party. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981).

The complaint consists of four counts: defamation, breach of contract, bad faith and fraudulent inducement.

### Defamation

To establish a claim in a defamation action, the appellants must prove that the respondent made false and defamatory statements about them which injured their reputation. *Nadeau v. County of Ramsey*, 277 N.W.2d 520, 523 (Minn.1979). The Swansons do not claim that the GAB adjusters made any defamatory statements. Instead, the grounds of the defamation claim against GAB are that GAB was "part and parcel" of the alleged defamation made by Hake from AHM, that GAB was an "active agent/representative" of AHM, that GAB expressed some skepticism about the claim, and that GAB put Robert Swanson in a "vulnerable, expectant position" at the time of the slanderous utterance.

There are no genuine issues of material fact as to whether or not a defamatory statement by GAB existed, because appellants admit such a statement does not exist. In the admitted absence of any defamatory statement, respondent is entitled to judgment on the defamation count as a matter of law. The other grounds upon which appellants make their defamation claim against GAB do not have a basis in law.

### Breach of Contract

The complaint charges that the representations by the "defendant insurance companies" constituted a unilateral offer of General Adjustment Bureau for payment, that the appellants accepted the offer by making a decision to go forward with the repair job, and that respondent breached the agreement by non-payment and slanderous statements.

The distinction between unilateral and bilateral contracts is looked upon with disfavor, because there is doubt as to the utility of such a distinction, even though it is often treated as fundamental. Restatement (Second) of Contracts § 1, reporter's note to comment f (1981). The facts asserted by appellants as the basis for the contract include: the "affirmative nod" by the adjuster in response to the question of whether the mechanic was cleared for payment, the adjuster's request that Mr. Swanson calculate his down-time expenses, the adjuster's later comment that Swanson's down-time figure "would be no problem,"

and the adjuster's comment that the manner in which the money was to be sent was being considered.

█ The existence and terms of a contract are questions for the factfinder when those issues are in doubt. *McEwen v. State Farm Mutual Insurance,* 281 N.W.2d 843, 845–46 (Minn.1979). Even assuming that unilateral contracts are available in Minnesota, *see Hartung v. Billmeier,* 243 Minn. 148, 66 N.W.2d 784 (1954), the facts are wholly inadequate to show occurrence of an adjustor's contract to pay for repair costs. They are insufficient as a matter of law to constitute a unilateral contract.

### Bad Faith

Appellants allege:

The defendant insurance companies dealt with the plaintiffs in bad faith and with the intention of unfair and bad faith methods of avoiding legitimate payments owed to the plaintiffs under the insurance policy with Trucks of Duluth.

█ Appellants' claim under this count is based upon the fact that GAB expressed skepticism about the amount of time that had passed and the number of miles driven from the time of the repairs to the time of the accident. It is also based upon the fact that on March 25, 1980, after "going along with AHM in the denial of the claim," GAB telephoned the Arizona mechanic to determine whether or not he had been paid by appellants. Finally, appellants argue that GAB actively "directed and induced Mr. Swanson and raised his expectations to the height from which he was cruelly and slanderously dashed." Appellants have not provided any case law in support of this theory of recovery, and none has been discovered. There does not appear to be any dispute of material fact as to this claim, and respondent is entitled to judgment as a matter of law.

### Fraudulent Inducement

█ Appellants claim that respondent GAB is liable for fraudulent inducement.

They allege that they relied upon the representations of GAB adjusters that the claim for repairs would be paid. If an agent tortiously misrepresents that it has authority to make a representation on behalf of a principal whom it has no power to bind, it is liable to the other party who has dealt with it on reliance on its misrepresentation. Restatement (Second) of Agency § 330 (1958).

█ Appellants allege that neither respondent GAB nor the insurance company intended to cover the costs of the repairs and that appellants were induced to proceed to have the damage to their truck repaired. Respondent argues there has been no showing that appellants suffered damages as a result of the alleged fraud. We agree.

The expenses incurred in repairing the truck and in down-time would have been incurred even if appellants had no dealings with GAB or the insurance company. Likewise, expenses incurred in getting an accountant to determine down-time had to be incurred to initiate any claim for damages. Here also, respondent is entitled to a judgment as a matter of law.

### DECISION

The trial court correctly awarded summary judgment to respondent as to all counts alleged against it.

Affirmed.