OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff was an employee of defendant Philipp Brothers from February 1966 until December 1986. In February 1983, the parties signed an employment contract that included the following bonus compensation clause: "The amounts of other *753 compensation and entitlements, if any, including regular bonuses, special bonuses and stock awards, shall be at the discretion of the management * * *. Such bonuses as are awarded will be consistent with the customary policy of the company.” Plaintiff sued on the contract alleging he received less compensation in the form of bonuses than was the "customary policy of the company”. The issues on this appeal are whether parol evidence is required to interpret the contract’s bonus clause and whether plaintiff presented evidentiary facts sufficient to defeat defendants’ motion for summary judgment dismissing the complaint.
Parol evidence is inadmissible if a contract is clear on its face and sufficient alone to divine the intent of the parties (see, 4 Williston, Contracts §§ 631, 632A, at 974, 985-986 [3d ed 1961]). Here, the bonus clause unambiguously vests discretion regarding the amount of bonus compensation to be awarded in defendants’ management. To read the second sentence of the bonus clause as binding defendants to pay plaintiff a fixed amount approximating his annual salary — as he alleges was the "customary policy” — would render the previous sentence vesting defendants with complete discretion a nullity. Such a construction is untenable (see, Two Guys v S.F.R. Realty Assocs., 63 NY2d 396, 403; 4 Williston, op. cit., § 601, at 308). Additionally, plaintiff’s argument that the bonus clause entitles him to payments approximately equal to his previous annual salary of $170,000 is unpersuasive as the parties would be expected to make reference to such a large sum of money in the agreement with particularity (cf., Braten v Bankers Trust Co., 60 NY2d 155, 162). Because the bonus clause is reasonably susceptible of only one interpretation, which may be gleaned from the face of the contract, the Appellate Division properly denied the admission of extrinsic evidence and granted defendants’ motion for summary judgment (Chimart Assocs. v Paul, 66 NY2d 570, 572-573).
In any event, plaintiff’s unsupported affidavit failed to present facts in evidentiary form sufficient to raise a triable issue of fact as to defendants’ customary policy in awarding bonus compensation (see, Sutton v East Riv. Sav. Bank, 55 NY2d 550, 553-554). Where, as here, "a written agreement between sophisticated, counseled businessmen is unambiguous on its face,” plaintiff "cannot defeat summary judgment by a conclusory assertion that * * * the writing did not express his own understanding of the oral agreement reached during negotiations” (see, Chimart Assocs. v Paul, supra, at 571).
*754 Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur; Chief Judge Wachtler taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.