■ WILLIAM GANISIN, Respondent-Appellant, v GERALD J. NOETH et al., Appellants-Respondents.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In this appeal from a judgment that awarded plaintiff damages in the nature of employee compensation, defendant contends that Supreme Court erred in granting plaintiff compensation in excess of that provided in his contract of employment and in considering extrinsic evidence that varied the terms of the parties' written agreement. We agree.

General Obligations Law § 15-301 (1) provides that "[a] written agreement or other written instrument which contains a provision *to the effect* that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent" (emphasis added). Contrary to the holding of Supreme Court, it is not necessary that the agreement affirmatively proscribe oral amendment in order for section 15-301 (1) to be

applicable. It is necessary only that the writing have such an effect. The writing herein meets this burden by stating that the contract may be amended by a writing signed by the parties. By setting forth the method by which the contract may be amended, to wit, by a writing, it implies the preclusion of other less formal methods of amendment.

Even if General Obligations Law § 15-301 (1) did not apply, Supreme Court nevertheless erred in considering this parol evidence. The integration clause contained in the employment contract precludes plaintiff's attempts to incorporate the alleged prior oral agreement into the employment contract. Since the alleged oral agreement contradicted the nonambiguous language of the employment contract, it should not have been received (see, Namad v Salomon Inc., 147 AD2d 385, affd 74 NY2d 751). This view is further supported by the fact that the oral amendment contradicts the expressed amendment clause in the contract and involves a provision, to wit, compensation, that would normally be embodied in the writing (see, Mitchill v Lath, 247 NY 377, 381; Namad v Salomon Inc., supra).

Consequently, we reverse so much of the judgment appealed from that awards damages to the plaintiff and affirm in all other respects. (Appeals from judgment of Supreme Court, Monroe County, Cornelius, J.—breach of contract.) Present— Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.