Jeffrey M. GRENIER, Plaintiff,

v.

**AIR EXPRESS INTERNATIONAL CORPORATION, Defendant.**

**No. 99–1886 DSD JMM.**

United States District Court,
D. Minnesota.

Jan. 30, 2001.

breached an employment contract with him by not paying incentive bonuses under defendant's 1998 Sales Incentive Program ("1998 Program"). Plaintiff contends that the 1998 Program, drafted by the employer, created a unilateral contract that he accepted by his performance. Defendant denies it owes plaintiff any incentive bonuses under the 1998 Program on five bases: (1) the 1998 Program was not definite enough to constitute a valid offer sufficient to create a unilateral contract; (2) the 1998 Program expressly gave defendant complete discretion to determine what business qualified for the incentive bonus; (3) any "domestic" business plaintiff submitted did not meet the 1998 Program's express definition of new business; (4) arguendo, even if the business at dispute did qualify as "new" under the 1998 Program, none of the business produced any revenue upon which a profit-based incentive might be paid; and (5) plaintiff waived any claim by continuing to work for defendant after defendant determined that it would not pay an incentive.

Plaintiff counters that the only discretionary authority granted under the express terms of the contract allows defendant to add to, not subtract from, the program's definition of qualifying "new business." Since both parties have brought cross-motions for summary judgment, it is conceded that there are no material facts in dispute and that this matter is ripe for adjudication as a matter of law on summary judgment.

Paul V. Kieffer, Kieffer & Associates, Columbia Heights, MN, Larry Meuwissen, Meuwissen & Associates, Anoka, MN, for plaintiff.

David J. Duddleston, Jackson, Lewis, Schnitzler & Krupman, Minneapolis, MN, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on the parties' cross-motions for summary judgment. Based on a review of the file, record, and proceedings herein, and for the reasons stated, the court (1) denies plaintiff's motion for summary judgment and (2) grants defendant's motion for summary judgment.

## BACKGROUND

Plaintiff Jeffery Grenier commenced this lawsuit against defendant Air Express International Corporation alleging that it

## DISCUSSION

### A. Summary Judgment Standard

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the

outcome of the case. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252, 106 S.Ct. 2505. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* at 249, 106 S.Ct. 2505.

On a motion for summary judgment, the court views the evidence in favor of the nonmoving party and gives that party the benefit of all justifiable inferences that can be drawn in its favor. *Id.* at 250, 106 S.Ct. 2505. The nonmoving party, however, cannot rest upon mere denials or allegations in the pleadings. *Id.* Nor may the nonmoving party simply argue that facts supporting its claim will be developed later or at trial. Rather the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If a plaintiff fails to support an essential element of a claim, summary judgment must issue because a complete failure of proof regarding an essential element renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548. With this standard at hand, the court addresses the parties' motion.

## B. Unilateral Contract

The threshold question here is whether the 1998 Program created a valid and enforceable unilateral contract, or put differently, is the 1998 Program contractually binding as an employment contract. *See Martens v. Minnesota Mining & Mfg., Co.*, 616 N.W.2d 732, 740 (2000) (the determination of whether the making of a unilateral offer is sufficient to create a unilateral contract is a question of law to be resolved by the court); *see also Hunt v. IBM Mid. Am. Employees Fed. Credit Union*, 384 N.W.2d 853, 856 (Minn.1986) (holding that the determination of whether

language is sufficient to create unilateral contract is a question of law). At the heart of resolving this question are two key sub-issues: (1) did defendant's 1998 Program manifest a definite and firm offer sufficient to form a unilateral contract; and (2) does the language of the 1998 Program reserve discretion for defendant to determine what business qualifies for an incentive payout.

■ The requirements for the formation of a binding unilateral employment contract are an offer, communicated to and accepted by the offeree, and consideration. *Tobias v. Montgomery Ward Co.*, 362 N.W.2d 380, 381 (Minn.Ct.App.1985); *Larson v. Koch Refining Co.*, 920 F.Supp. 1000, 1007 (D.Minn.1996) (holding that a binding unilateral employment contract is created when there is a "promise of employment on particular terms, if in the form of an offer and if accepted by the employee for valuable consideration."); *Ruud v. Great Plains Supply, Inc.*, 526 N.W.2d 369, 371 (1995) (holding that statements made by employer to employee were too indefinite to form an offer for a unilateral contract), *citing Pine River State Bank v. Mettille*, 333 N.W.2d 622, 626 (Minn.1983).

■ In a unilateral contract, the exchange for the promise is something other than a promise, and the doctrine of mutuality is inapplicable. *Hartung v. Billmeier*, 243 Minn. 148, 66 N.W.2d 784, 788 (1954). Whether a proposal is meant to be an offer for an unilateral contract is determined by the outward manifestation of the parties, not by their subjective intentions. *See Pine River State Bank*, 333 N.W.2d at 626. With a unilateral contract, the offeree is not bound to perform at all, and the offeror is not bound to perform until performance by the offeree; but on performance by the offeree, the proposal of the offeror is converted into a binding promise and a valid contract is formed. *See Ellsworth v. Southern Minnesota Ry. Extension Co.*, 31 Minn. 543, 18 N.W. 822, 823 (1884).

■ An offer must be sufficiently definite to form the basis of a contract. *See Cameron v. A. Booth & Co.*, 99 Minn. 513, 108 N.W. 514, 514 (1906); *Hartung*, 66 N.W.2d at 788. If an offer is so indefinite as to make it impossible for a court to decide what it means and to fix exactly the legal liabilities of parties, its acceptance cannot result in an enforceable contract. *See Holt v. Swenson*, 252 Minn. 510, 90 N.W.2d 724, 728 (1958), *see also Ruud*, 526 N.W.2d at 372 (holding that as matter of law statements made by employer to employee were too indefinite to form an offer for a unilateral contract).

■ Based on the facts before it, the court concludes that the clear discretionary language in the definition of "new business" prevents the 1998 Program from constituting an offer for a binding unilateral contract as a matter of law. The plain language of the 1998 Program unambiguously vests discretion in the defendant to determine what qualifies as "new business." *See Martens*, 616 N.W.2d at 743 (determining that employer's statements were too indefinite to form a binding unilateral contract); *Pine River State Bank*, 333 N.W.2d at 626 ("[A] promise of employment on particular terms ... if in form of an offer ... may create a binding unilateral contract [when] offer [is] definite in form ..."); and *Day v. Amax, Inc.*, 701 F.2d 1258, 1263 (8th Cir.1983) (providing that an offer must be sufficiently definite to form enforceable contract). A reservation of discretion as found here precludes the manifestation of a binding offer. *See* Williston, § 4:18 ("a reservation in either party of a future unbridled right to deter-

mine the nature of the performance ... has often caused a promise to be too indefinite for enforcement."); Restatement of the Law Second (Contracts) § 24 (1981) ("[a]n offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding his assent ... will conclude it."). Thus, the court concludes that the 1998 Program is not contractually binding as a unilateral contract and plaintiff's action for breach cannot survive summary judgment as a matter of law. Defendant's motion must be granted.

■ Even if the court were to determine that the 1998 Program's reservation of discretion clause did not preclude the formation of a unilateral contract, the court still would conclude that defendant retains the right to define what qualifies as "new business" for incentive compensation under the unambiguous discretionary language in the 1998 Program.[1] *See Hart v. Sprint Communications Co.*, 872 F.Supp. 848, 857 (D.Kan.1994) ("[w]hen a contract grants or reserves discretion to one party, the other party cannot legitimately maintain a reasonable expectation that such discretion or judgment will not be exercised."); *Rakos v. Skytel*, 954 F.Supp. 1234, 1238 (N.D.Ill.1996) (employee's compensation plan not an enforceable contract where employer reserved discretion); *Byker v. Sequent Computer Sys., Inc.*, 1997 WL 639045 *1 (N.D.Ill. Oct. 1, 1997) (applying *Rakos* since language of defendant's compensation plan did not support a right to bonus); *Namad v. Salomon*, 74 N.Y.2d 751, 543 N.E.2d 722, 545 N.Y.S.2d 79 (N.Y.1989) (affirming dismissal where

1. Whether or not a contract term is ambiguous is a question of law. *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 66 (Minn. 1979). A contract term is ambiguous if it is reasonably susceptible to more than one construction. *Republic Nat'l Life Ins. Co. v. Lorraine Realty Corp.*, 279 N.W.2d 349, 354 (Minn.1979). If a contract term is determined to be unambiguous, its interpretation is a question of law. *Cooper v. Lakewood Eng'g & Mfg. Co.*, 874 F.Supp. 947, 953 (D.Minn. 1994). Here, contrary to plaintiff's conten-

tion, the court finds no ambiguity and concludes that: (1) the reservation of discretion clause is reasonably susceptible of only one interpretation gleaned from the face of the document, that defendant retained full discretion to define what constituted compensable "new business" under the 1998 Program; and (2) the language defining the categories of "new business" as found in the 1998 Program is unambiguous and reasonably susceptible to only one interpretation.

unambiguous employment contract specified defendant's discretion to determine bonus compensation); and *Moore v. Illinois Bell Tel. Co.*, 155 Ill.App.3d 781, 108 Ill.Dec. 358, 508 N.E.2d 519, 521 (1987) (effective disclaimer negates contractual obligations in dispute over discretionary bonus). Thus, the same result would ensue and defendant would similarly be entitled to summary judgment.[2]

■ Lastly, even if the discretionary language is ignored, the plaintiff has not persuaded the court that the alleged "new business" at issue here meets the 1998 Program's unambiguous definition of "new business." In a breach of contract action, the plaintiff has the burden of proving not only breach, but that damages arose from breach. *See Buchman Plumbing, Inc. v. Regents of Univ. of Minnesota*, 298 Minn. 328, 215 N.W.2d 479, 486 (1974). Thus, defendant would also be entitled to summary judgment on the basis that plaintiff has not demonstrated that the disputed business qualifies for compensation under the specific terms of the 1998 Program.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment is denied.

2. Defendant's motion for summary judgment is granted and plaintiff's claims are dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

**2.** This conclusion also comports with plaintiff's own acknowledgment that he understood the definition of "new business" to be discretionary. (*See* Bowen Aff. Ex. A, excerpting Grenier Dep. at 103; 207.)