RICHARD JOHNSON, Appellant, v STANFIELD CAPITAL PARTNERS, LLC, Respondent. [891 NYS2d 383]—

In this action, plaintiff seeks to recover unpaid bonus compensation from his former employer. The employment agreement governing the parties' relationship provides that, in addition to base salary, plaintiff "will be eligible for an annual performance bonus" which "will be determined based on the firm's overall performance and your individual performance during the year. To receive a bonus for any year, you must be employed on the bonus payment date for that year."

Pursuant to this agreement, plaintiff received more than $8 million in bonus payments for the years 2003 through 2005. He

claims that these amounts were insufficient. Furthermore, defendant breached an oral promise to create a pool equal to 15% of hedge fund revenues from which bonuses were to be paid to plaintiff and others in his department. In addition, plaintiff, whose employment with defendant ended in March 2006, claims entitlement to a bonus for the year 2006.

The employment agreement, which identified plaintiff's title, salary, estimated start date, vacation days, and benefits, was an integrated agreement. As such, parol evidence was inadmissible to vary its terms (*see Unisys Corp. v Hercules Inc.*, 224 AD2d 365, 369-370 [1996], *appeal withdrawn* 89 NY2d 1031 [1997]; *Stamelman v Fleishman-Hillard, Inc.*, 2003 WL 21782645, 2003 US Dist LEXIS 13328 [SD NY 2003]). Where, as here, the bonus component of compensation dwarfs plaintiff's stated base salary component, "the parties would be expected to make reference to such a large sum of money in the [written] agreement with particularity" (*Namad v Salomon Inc.*, 74 NY2d 751, 753 [1989]) and thus, plaintiff cannot rely on the alleged oral promise of the creation of a defined bonus pool to vary the terms of the written agreement. Moreover, the clear terms of the employment agreement preclude plaintiff from receiving any bonus, which was only determined at year-end, for the year 2006. Accordingly, plaintiff is not entitled to recovery for breach of contract.

As the parties' relationship is governed by a contract, plaintiff may not recover under quasi-contractual theories (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382 [1987]) and cannot rely on such theories in contravention of the parol evidence rule (*see Unisys Corp.*, 224 AD2d at 370).

Finally, plaintiff is not entitled to the imposition of a constructive trust, relief not previously sought or requested in the complaint (*see Macina v Macina*, 60 NY2d 691 [1983]).

We have considered appellant's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ.