■ PETER STERN et al., Respondents, v OLEG ARDACHEV et al., Appellants. [20 NYS3d 356]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about July 21, 2014, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the first through third causes of action in plaintiffs' complaint based upon the documentary evidence, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about December 9, 2014, which denied defendants' motion to reargue their motion to dismiss, unanimously dismissed, without costs, as taken from a nonappealable paper.

The complaint, which states a cause of action for breach of contract (as defendants concede on appeal), alleges that on or about January 16, 2009, defendants agreed to purchase plaintiff Express Trade Capital, Inc.'s (ETC) 50% membership interest in defendant Air Cargo Services L.L.C. (ACS) for $400,000, to be paid by July 2012.

The documentary evidence, specifically exhibit A annexed to the complaint, does not "utterly refute[ ] [all of] plaintiff's factual allegations" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). For example, it does not refute the fact of an agreement, since it states, "Agreed." Nor does it refute plaintiffs' allegation that the parties' contract involved the sale of ETC's membership interest in ACS.

Exhibit A contains no merger clause, and it is clearly not an integrated contract. Therefore, extrinsic evidence is "admissible to supply the terms that the parties intended to incorporate into their agreement" (*Saxon Capital Corp. v Wilvin Assoc.*, 195 AD2d 429, 430 [1st Dept 1993]). We perceive no inequity if plaintiffs are allowed to introduce extrinsic evidence, such as the parties' testimony. The agreement is sufficiently definite to survive defendants' motion to dismiss (*see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88,

91 [1991]). Concur—Gonzalez, P.J., Sweeny, Manzanet-Daniels and Kapnick, JJ.