Scottsdale Ins. Co. v City of New York (2026 NY Slip Op 00031)

Scottsdale Ins. Co. v City of New York

2026 NY Slip Op 00031

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Webber, J.P., Friedman, Mendez, Shulman, Hagler, JJ. 

Index No. 654673/19|Appeal No. 5488|Case No. 2023-06617|

[*1]Scottsdale Insurance Company, Appellant,
vThe City of New York, Respondent, The New York City Transit Authority, et al., Defendants.

Kennedys Law LLP, New York (Ann M. Odelson of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered December 13, 2023, which denied plaintiff's motion for summary judgment on its claims against defendant The City of New York (City) and dismissing the City's counterclaims, and granted the City's motion for summary judgment on its counterclaims seeking a declaration that plaintiff had a duty to defend the City in the underlying negligence action and for attorneys' fees, and ordered that plaintiff must continue to defend the City in the underlying action, unanimously affirmed, with costs.
The court properly granted the City's motion for summary judgment. Plaintiff insurer contends that there is no written contract or agreement requiring its named insured to name the City as an additional insured, and so it owes no duty to defend or indemnify the City under the terms of the policy it issued. However, a binding agreement may be assembled from more than one writing (see Nolfi Masonry Corp. v Lasker-Goldman Corp.,160 AD2d 186, 187 [1st Dept 1990]). Here, the named insured contractor applied for a permit from the Department of Transportation (DOT). DOT issued a permit which required the contractor to name the City as an additional insured on certain insurance policies the contractor obtained. The contractor accepted the permit and commenced work, and a certificate of insurance was issued describing the City as an additional insured on the contractor's policy. The permit itself was part of a binding agreement in which the contractor agreed to abide by its terms and conditions in order to obtain DOT's permission to perform work (see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 259-260 [2008]).
In any event, "an insurance company may be estopped from denying or disclaiming coverage where the proper defending party relied to its detriment on that coverage and was prejudiced by the delay of the insurance company in denying or disclaiming coverage based on the loss of the right to control its own defense" (Yoda, LLC v National Union Fire Ins. Co. of Pittsburgh, Pa, 88 AD3d 506, 508 [1st Dept 2011] [internal quotation marks omitted]). Plaintiff provided a defense in this matter for approximately three years before disclaiming coverage closer to trial. Under the circumstances, allowing plaintiff to disclaim its defense obligations years later would prejudice the City. Further, the City approached settlement negotiations under the belief that it had coverage.
As for plaintiff's contention that its coverage should be capped at $1 million, plaintiff never alleged this in its complaint (see Johnson v Stanfield Capital Partners, LLC, 68 AD3d 628, 629 [1st Dept 2009]). Regardless, we find no basis to impose a $1 million cap at this juncture. The Highway Rules, which were incorporated into the policies, require the City, as an additional insured, to have the same coverage limits as the contractor. The applicable cap under the contractor's policies is $6 million, which therefore applies to the City as well (see Fireman's Fund Ins. Co. v Newark Ins. Corp., 277 AD2d 19, 20 [1st Dept 2000], lv denied 96 NY2d 714 [2001]).
Plaintiff's argument that the City is not entitled to attorneys' fees hinges entirely on its unavailing argument that it is not required to provide coverage. "An insured who is cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations, and who prevails on the merits, may recover attorneys' fees incurred in defending against the insurer's action" (U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597 [2004] [internal quotation marks omitted]). Accordingly, we affirm the motion court's award of attorneys' fees.
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026